# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# TYLER DIVISION

| | |
|---|---|
| VICTOR ANDREW APODACA, #2143720, § § § § Plaintiff, § § v. § Case No. 6:23-cv-156-JDK-JDL § UNKNOWN 1, et al., § § Defendants. § | |

## ORDER ADOPTING THE REPORT AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE

Plaintiff, an inmate of the Texas Department of Criminal Justice proceeding pro se and *in forma pauperis*, filed this civil lawsuit for alleged violations of his constitutional rights in prison. The case was referred to United States Magistrate Judge John D. Love, for findings of fact, conclusions of law, and recommendations for the disposition of the case.

On December 18, 2024, the Magistrate Judge entered a Report, recommending that Defendants' motion for summary judgment (Docket No. 65) be granted and that judgment be entered in their favor on all claims. Docket No. 77. Plaintiff filed seventy-five pages of handwritten objections, in violation of this Court's rule limiting objections to eight pages. Docket No. 82; Local Rule CV-72(c). Accordingly, the Court struck Plaintiff's original objections and gave him an additional fourteen days to file objections of eight pages or fewer in compliance with the Court's rules. Docket No. 83.

1

Plaintiff filed an eight-page objection, which is before the Court for review. Docket No. 86.

This Court reviews the findings and conclusions of the Magistrate Judge de novo only if a party objects within fourteen days of the Report and Recommendation. 28 U.S.C. § 636(b)(1). In conducting a de novo review, the Court examines the entire record and makes an independent assessment under the law. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc), *superseded on other grounds by statute*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

A party objecting to a magistrate judge's report must specifically identify those findings to which he objects. Frivolous, conclusory, or general objections need not be considered by the District Judge. *See Nettles v. Wainright*, 677 F.2d 404, 410 & n.8 (5th Cir. 1982) (en banc), *overruled on other grounds by Douglass*, 79 F.3d 1415. Additionally, objections that simply rehash or mirror the underlying claims addressed in the Report are not sufficient to entitle the party to de novo review. *See United States v. Morales*, 947 F. Supp. 2d 166, 171 (D.P.R. 2013) ("Even though timely objections to a report and recommendation entitle the objecting party to *de novo* review of the findings, 'the district court should be spared the chore of traversing ground already plowed by the Magistrate.'" (quoting *Gonzalez-Ramos v. Empresas Berrios, Inc.*, 360 F. Supp. 2d 373, 376 (D.P.R. 2005))); *see also Vega v. Artuz*, 2002 WL 31174466, at *1 (S.D.N.Y. Sept. 30, 2002) ("However, objections that are merely perfunctory responses argued in an attempt to engage the district court in a

rehashing of the same arguments set forth in the original petition will not suffice to invoke *de novo* review of the magistrate judge's recommendations.") (collecting cases).

The Magistrate Judge recommended that summary judgment be granted to Defendants because the evidence in the record, including videos of the relevant interactions between Plaintiff and Defendants, establishes that Defendants did not subject Plaintiff to excessive force and were not deliberately indifferent to any serious medical needs. Docket No. 77 at 22–34, 36–41. The Magistrate Judge further determined that even if Plaintiff could establish an Eighth Amendment violation on the facts of this case, Defendants would be entitled to qualified immunity from suit on those claims. *Id.* at 34–36. Finally, the Magistrate Judge found that Plaintiff did not establish any connection between Defendants and the uncomfortable conditions of confinement he experienced after they placed him, at his request, in a constant direct observation (CDO) cell. *Id.* at 41–42.

Plaintiff disagrees with the Magistrate Judge's analysis, but his objections do not identify any genuine issue of material fact from which a reasonable factfinder could find in his favor on the basis of the record evidence.

The Court has conducted a careful de novo review of the record and the Magistrate Judge's proposed findings and recommendations. *See* 28 U.S.C. § 636(b)(1) (district judge shall "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made"). Upon such de novo review, the Court has determined that the Report of the Magistrate Judge is correct, and Plaintiff's objections are without merit.

3

Accordingly, it is **ORDERED** that the Report and Recommendation of the United States Magistrate Judge (Docket No. 77) is **ADOPTED** as the opinion of the Court, and Defendants' motion for summary judgment (Docket No. 65) is **GRANTED**. Plaintiff's objections are **OVERRULED**, and this action is dismissed with prejudice in its entirety. 28 U.S.C. § 1915A(b)(1).

Finally, the Court observes that Plaintiff filed with his objections a "motion to hold plaintiff's written objections in abeyance" pending an appeal he purports to have filed with the United States Court of Appeals for the Fifth Circuit from the order striking his original, non-compliant objections. Docket No. 85. That motion is **DENIED**, as the order striking Plaintiff's objections is not an appealable interlocutory order pursuant to 28 U.S.C. § 1292, and Plaintiff's challenge to it does not warrant any delay in these proceedings. *Butler v. Denka Performance Elastomer LLC*, 806 F. App'x 271, 275 n.5 (5th Cir. 2020) (explaining that "generally, filing a notice of appeal strips the district court of jurisdiction, but this rule is inoperative for *nonappealable* orders"); *Myart v. Mach*, 2019 WL 5556558, at *3 n.2 (W.D. Tex. Oct. 28, 2019) ("The pendency of this appeal does not deprive this Court of jurisdiction to rule on Defendants' motions to dismiss or any other motion in this case because the order Plaintiff is attempting to appeal is a non-appealable interlocutory order." (collecting cases)).

To the extent that Plaintiff's motion might be construed as an objection pursuant to Rule 72(a) of the Federal Rules of Civil Procedure to the order striking

4

his non-compliant objection, that order was neither contrary to law nor clearly erroneous. Any objection to it is, therefore, **OVERRULED**.

Any other pending motions are **DENIED** as moot.

So **ORDERED** and **SIGNED** this **19th** day of **February, 2025.**

_____
JEREMY D. KERNODLE
UNITED STATES DISTRICT JUDGE